IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ERNESTINA CAZARES SANTILLAN, § | |
| individually and as successor-in-interest§ | |
| to the estate of Juan Pablo Perez § | |
| Santillan, et al.,[1] § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. §CIVIL ACTION NO. B:12-213 | |
| § | |
| THE UNITED STATES OF AMERICA, § | |
| et al., § | |
| § | |
| Defendants. § | |

## ORDER

BE IT REMEMBERED, that on January 6, 2014, the Court considered Plaintiffs' Unopposed Motion to Dismiss without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2). Dkt. No. 17.

Plaintiffs commenced this action by filing their complaint against the United States, several of its departments and agencies, and an unknown United States agent on Oct. 23, 2012. Dkt. No. 1. On December 11, 2013, Defendants filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1), (2), (4), and (5) arguing, inter alia, that Plaintiffs failed to exhaust their administrative remedies before bringing claims under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq. Dkt. No. 16 ¶ 3. Plaintiffs filed the instant motion for voluntary dismissal on January 2, 2014. Dkt. No. 17. They "seek to dismiss the instant cause without prejudice to allow Plaintiffs to exhaust administrative remedies and file an administrative claim with the federal agencies involved pursuant to the mandates of the Federal Tort Claims Act." *Id.* ¶ 3.

---

[1] Plaintiff, Ernestina Cazares Santillan states in her complaint that she brings suit "as the surviving mother of Juan Pablo Perez Santillan." Dkt. No. 1 at 1. It is unclear in what capacity she is suing.

Federal Rule of Civil Procedure 41(a)(1)(A)(i) permits a plaintiff to dismiss an action voluntarily without a court order by filing "a notice of dismissal" before an answer or motion for summary judgment has been served.  See FED. R. CIV. P. 41(a)(1)(A)(ii) (describing procedure to be used when answer or motion for summary judgment has been served).  According to the docket sheet, Defendants have filed neither an answer nor a motion for summary judgment, and their pending motion to dismiss does not abrogate Plaintiffs power to dismiss this action voluntarily.  See *Exxon Corp. v. Md. Cas. Co.*, 599 F.2d 659, 661 (5th Cir. 1979) (*citing Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977)) ("[T]he right [of a plaintiff to dismiss an action unilaterally] is not cut off by a motion to dismiss."); *Nix v. Fulton Lodge No. 2 of Int'l Ass'n of Machinists & Aerospace Workers*, 452 F.2d 794, 797–98 (5th Cir. 1971) (holding plaintiff could voluntarily dismiss claims without court order after defendant filed motions to dismiss for lack of subject-matter jurisdiction, insufficiency of service of process, and failure to state claim upon which relief could be granted).  A review of the record discloses that this is not a class or derivative action, a receiver has not been appointed, and no federal statute prevents voluntary dismissal.  See FED. R. CIV. P. 41(a)(1).  Plaintiffs have fulfilled all of the requirements for voluntary dismissal without a court order under Rule 41(a)(1)(A)(i), and the Court therefore declines to consider whether the terms of dismissal are just as would be required to dismiss this action with a court order under Rule 41(a)(2).

For the foregoing reasons, the Court finds that Plaintiffs voluntarily dismissed this action when they filed their Unopposed Motion to Dismiss without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2), Dkt. No. 17, and **ORDERS** the Clerk of Court to close this case.

SIGNED this 6th day of January, 2014.

_____
Hilda Tagle
Senior United States District Judge